UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| CLIFFORD DURHAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 1:11-CV-131-BL |
| K. EDENFIELD, § | ECF |
| *et al.,* § | |
| § | |
| Defendants. § | |

## ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS

Clifford Durham, federal inmate # 93665-111, filed suit complaining that the Federal Bureau of Prisons ("FBOP") and employees of the Federal Correctional Institution Big Spring facility ("FCI Big Spring") subjected him to cruel and unusual punishment and violated his First Amendment rights (Doc. 1). This court treats this case as filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994). The case was referred to the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

On August 11, 2011, Durham gave his consent to proceed before the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), and on October 4, 2011, the court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### I. FACTUAL BACKGROUND[1]

---

[1] The facts stated herein are a summary of the factual claims asserted by Plaintiff in his complaint and *Spears* hearing testimony. To the extent that Plaintiff chose to submit other supporting documents to the court, such documents have been utilized in setting forth the facts.

Clifford Durham is an inmate confined to the FCI Big Spring facility in Big Spring, Texas. He claims that the Defendants subjected him to cruel and unusual punishment and violated his rights under the First Amendment.

With respect to cruel and unusual punishment, Plaintiff makes several claims. He alleges that Defendants did not permit him to access the commissary, destroyed his PC World magazines instead of delivering them, failed to timely provide him with dentures, and failed to provide adequate medical treatment for injuries he sustained to his knee, toe nail, neck, back, and spine.

Plaintiff also claims that his First Amendment rights were violated when mail room officials destroyed and failed to deliver issues of his PC World magazine.

He is seeking declaratory relief, compensatory damages, and punitive damages.

## II.  JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson*, 525 F.2d at 892 (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary

hearing).

### III. ANALYSIS

#### A. Sovereign Immunity

Plaintiff's claims against the FBOP are barred by the doctrine of sovereign immunity. *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) ("[Plaintiff] may bring a Bivens action against individual officers for a alleged constitutional violation, but he may not bring an action against the United States, the [F]BOP, or [F]BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." (citing *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991))). Therefore, Plaintiff's *Bivens* claims against the FBOP lack an arguable basis in law or fact and are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

#### B. Supervisor Liability

Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Respondeat superior liability is not available in a *Bivens* action. *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992).

Plaintiff's allegations, accepted as true, fail to demonstrate that Warden K. Edenfield was personally involved in the alleged constitutional violations, nor do they demonstrate that she implemented an unconstitutional policy that resulted in Plaintiff's injury. Plaintiff's claims against Warden Edenfield lack an arguable basis in law or fact and are **DISMISSED WITH PREJUDICE**

AS FRIVOLOUS.

    C.    **Eighth Amendment Claims**

Plaintiff claims that Dr. Beltran was deliberately indifferent to his serious medical needs, that is, his need for a set of partial dentures. He also claims that Dr. Partida provided inadequate treatment for several injuries that he sustained. Plaintiff further alleges that the denial of commissary privileges and the destruction of his magazine amounts to cruel and unusual punishment.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297, (1991) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) "'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'" *Gobert*, at 346 n. 24 (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Unsuccessful medical treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to serious medical needs. *Id*. at 346. A prisoner's disagreement with his medical treatment does not raise a viable deliberate indifference claim, absent exceptional circumstances. *Id*.; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In order to prevail, a plaintiff must establish that the defendant "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346 (citing *Domino*, 239 F.3d at 756).

Although Plaintiff alleges that Dr. Beltran was deliberately indifferent to his serious medical needs, his *Bivens* testimony does not support his allegation. Plaintiff testified that he was examined by Dr. Beltran and was placed on the denture waiting list. This does not amount to conduct that clearly evinces a wanton disregard for Plaintiff's serious medical needs. *See id*. Moreover, the court is not convinced that Plaintiff has sufficiently alleged a serious medical need. Plaintiff merely claims that because he lacked a partial denture, he also lacked the "ability to properly chew . . .food." Plaintiff's factual allegation regarding the consequence of not having his partial denture, is unlike the allegations that the circuit courts have found to be sufficient to demonstrate a serious medical need. *See Vasquez v. Dretke*, 226 F. App'x 338 (5th Cir. 2007) (prisoner alleged that because he had no dentures, "he suffers from difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool" (citing *Farrow v. West*, 320 F.3d 1235, 1244-45 (11th Cir. 2003) (holding that a prisoner with similar symptoms demonstrated a serious medical need for dentures); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (same); *Hunt v. Dental Dept.*, 865 F.2d 198, 201 (9th Cir. 1989) (same))).

Plaintiff also claims that he received inadequate medical treatment for injuries he sustained to his knee, toe nail, neck, back, and spine. When questioned under oath, Plaintiff articulated that he received various forms of treatment for each of these conditions. His treatments included: pain medication, elastic wraps, warm compresses, and x-rays for the knee injury; surgery to remove the infected toe nails; and a lower bunk assignment and pain medication for his neck, back, and spine injuries. With respect to Plaintiff's allegations regarding the treatment he received, these allegations

merely amount to dissatisfaction with his prescribed course of treatment, which without exceptional circumstances, is insufficient to state a viable deliberate indifference claim. *Gobert*, 463 F.3d at 346 (citing *Domino*, 239 F.3d at 756). Plaintiff has not demonstrated the existence of an exceptional circumstance, therefore, his claim must fail. *Id*.

Further, to the extent that Plaintiff maintains that the denial of commissary privileges and the destruction of some of his magazines implicates the Eighth Amendment's prohibition of cruel and unusual punishment, these claims fare no better. "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and, they must take reasonable measures to guarantee the safety of the inmates in their custody. *Farmer*, 511 U.S. 825. Plaintiff has not identified a constitutionally protected right to commissary privileges.[2] Additionally, Plaintiff has not identified how the non-delivery of certain magazines constitutes cruel and unusual punishment, and the court is unable to find any precedent so holding. In other words, Plaintiff's allegations, taken as true, fail

---

[2] Indeed, those courts which have considered the issue have arrived at the conclusion that there is no such right. *Compare Ward v. Oliver*, 1994 WL 66652, *3 (7th Cir. 1994) (Eighth Amendment contemplates only shelter, sanitation, food, personal safety, medical care, and clothing and does not dictate access to particular commissary items); *Allen v. DeTella*, 1997 WL 106098, *4 (N.D. Ill. 1997) (commissary restrictions on particular foods did "not constitute atypical and significant hardships on an inmate"); *Davie v. Wingard*, 958 F.Supp. 1244 (S.D. Ohio 1997) (denial of commissary privileges did not state a claim under the Eighth Amendment).

to establish a violation of the Constitution and laws of the United States.

Having carefully considered Plaintiff's allegations, the court finds that all of his claims based on the Eight Amendment lack an arguable basis in law or fact, and are therefore **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### D.     First Amendment Claim

Plaintiff also claims that his rights under the First Amendment were violated when mail room officials destroyed and failed to deliver several copies of PC World magazine. When questioned regarding this claim, Plaintiff explained that he could not be sure that prison officials were actually the cause of the non-delivery of the magazines. He indicated that other inmates could simply have not passed the magazines down the line or the magazines could have been mistakenly delivered to another inmate who shares the same name. Plaintiff further testified that the prison has no policy in place prohibiting inmates from subscribing to magazines such as PC World, and only a few of the magazines were not timely delivered to his cell. In sum, Plaintiff's factual allegations merely indicate that prison officials may have been negligent in their distribution of his PC World magazine. Negligence, however, does not amount to a First Amendment violation and is therefore not cognizable under *Bivens*. *See Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (negligence is not actionable under 42 U.S.C. § 1983); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) (*Bivens* suit provides "a remedy against federal officers, acting under color of federal law, that [is] analogous to [a] section 1983 action against state officials"). Additionally, even if Plaintiff's allegation implicated the First Amendment, his claim would fail because Plaintiff has not named a Defendant that was personally involved in the alleged deprivation. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382

(5th Cir. 1983). Consequently, this claim lacks an arguable basis in law or fact and is **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

## IV. CONCLUSION

The court finds that Plaintiff has failed to state a cognizable claim for violation of his rights under the Eighth and First Amendments, and all such claims against the Defendants are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

A copy of this order shall be sent by first-class mail to all parties appearing *pro se.* Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 3rd day of November, 2011.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**